CASE 72—PETITION EQUITY—DECEMBER 12.

# Cornwall's Assignee v. Falls City Bank.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. CONSTRUCTION OF DEVISE.—When a testator, after devising his estate to one for life, devises to another whatever may remain undisposed of at the death of the life-tenant, and then provides that upon the death of the remainderman without issue the estate shall return to the testator's "legal heirs," the dying without issue refers to a dying during

the lifetime of the life-tenant, and the remainderman surviving the life-tenant takes an absolute estate.

2. A WARNING ORDER IS SUFFICIENT, if made in a reasonable time after the affidavit was sworn to.

In this case a warning order based upon an affidavit made the day before is valid.

3. PURCHASER AT JUDICIAL SALE.—The fact that there are unreleased liens upon the property sold is no reason why the purchaser at a judicial sale should not be required to execute bond for the purchase price, provision being made in the judgment for the payment of the liens out of the cash payment; and if there is any mistake as to the amount reserved, the purchaser has the right to apply enough for the purpose of discharging the liens and obtain credit for it.

MUIR, HEYMAN & MUIR FOR APPELLANT.

1. The words, "in case of the death of Nancy Martin and her children, so that she or they leave no living issue," were intended by the testator to mean the death of his child and four grandchildren not *before* but *after* his death. The cases of Ferguson v. Thompson, 87 Ky., 519, and Wills v. Wills, 85 Ky., 487, only state a well-recognized canon of construction, and hold that there can be no "iron rule" in such cases. The intention of the testator must control all artificial rules.

2. The warning order was based upon an affidavit made the day before the petition was filed, and the statement that the defendants were then absent from the State did not authorize a warning order on the next day.

In cases of constructive service there must be a strict compliance with the statute. (Brownfield v. Dyer, 7 Bush, 505; Jackson v. Speed, 2 Duv., 426; Grigsby v. Barr, 14 Bush, 330; Arthur v. Harlan, 78 Ky., 138.)

3. The judgment must be reversed because there are unreleased liens upon the property which exceed the cash payment.

HUMPHREY & DAVIE AND J. S. PIRTLE FOR APPELLEE.

1. It is a rule of property in Kentucky that a devise by a father to his daughter and her children makes the daughter and children joint devisees; whereas, if a husband conveys or devises property to his wife and her children, then the estate is to be construed as vesting a life interest in the wife with remainder to the children. (Smith v. Upton, 12 Ky. Law Rep., 29; Davis v. Hardin, 80 Ky., 672; Bullock v. Caldwell, 81 Ky., 566.)

2. Where property is devised directly, with a limitation over in case of the death of the devisee, the period of absolute vesting will be construed to be the lifetime of the devisee. If the devise is of a life estate only, with remainder over, and a clause devising the remainder over in the event of a certain contingency, then the estate will become vested, provided such event does not occur in the lifetime of the life-

Cornwall's Assignee v. Falls City Bank.

tenant. (Ferguson v. Thomason, 87 Ky., 519; Wills v. Wills, 85 Ky., 487.)

3. If the will in controversy here is not so construed then it would create a perpetuity; that is, a perpetuity might possibly happen; and it matters not that in the particular case at bar the event has turned out so that there was no actual perpetuity, as it is the possibility of perpetuity that the courts look at. (Ludwig v. Combs, 1 Met., 129.)

4. Where a petition, including an affidavit for a warning order, was sworn to on one day and not filed until a subsequent day, the warning order is good, provided the filing of the petition and affidavit is done within a reasonable time after it was sworn to. (Armstrong v. Middlestaff, 36 N. W., 151; s. c., 22 Neb., 712; Creach v. DeLane, 1 Nott & Mc-Cord, s. c. 189; Wright v. Ragland, 18 Texas, 289; Graham v. Bradbury, 7 Mo., 281; McClanahan v. Bratt, 46 Miss., 246; Campbell v. Wilson, 6 Texas, 394; Arthurs v. Harlan, 78 Ky., 139.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The Falls City Bank, one of the appellees, brought an action in the Louisville Law and Equity Court against R. E. Hill and wife to foreclose a mortgage given by them upon a lot of ground situated on the corner of Seventh and Main streets in the city of Louisville, Ky., which is a lot fifty-three feet front and one hundred and five feet deep; said mortgage includes a lease upon said lot, etc. The interest mortgaged was one-half of said lot, which was acquired from Nancy Martin and Mrs. McKinley, one-fourth each. Their right to convey said interest depends upon the construction of the following provisions of the will of James McCasland:

"3. I will to my wife, Mary McCasland, as much of the remainder of my estate, after my debts are paid, and such articles as she may choose, as will be sufficient for her support during her life; and the balance of my estate, real, personal and mixed, I will to my daughter, Nancy Martin, and her children, so that none of it, nor the proceeds thereof, shall be liable or in any wise subject to the payment of any of my son-in-law's, John Martin's, debts

or contracts, but be placed in the hands of trustees for the benefit of said Nancy and her children.

"4. I appoint my wife, Mary McCasland, executrix, and empower her to choose some suitable man to act with her as executor. And I hereby authorize and empower my executrix and executor to sell and convey whatever property, either real or mixed, they may think best to pay my debts, except my interest in my brother's, John P. McCasland's, estate, deceased, that I wish to stand undisposed of for the benefit of my daughter, Nancy Martin, and her children; and at the death of my wife, whatever property she may choose to keep is to be returned to my grandchildren as before described; but in the case of the death of Nancy Martin and her children, so that she or they leave no living issue, whatever remains of my estate is to return to my legal heirs, as though I had died without will or issue."

Nancy Martin, daughter of the testator, and Mrs. McKinley, one of her children, conveyed their respective one-fourth interest in said lot. The appellant as purchaser of said interest, at the decretal sale to foreclose the mortgage, refused to execute bond for the purchase price, because, as is alleged, the respective titles of Nancy Martin and Mrs. McKinley were not titles in fee-simple, but defeasible, and reverted to the testator's estate if they died after the death of the testator or the life-tenant without issue. That contention is not concurred in, because, besides the land in controversy derived from his brother, the testator wills to his daughter and her children whatever of his estate that might remain undisposed of at the death of the life-tenant, and their death without issue evidently refers to the time of the death of the life-ten-

ant, and as they survived that event they took an absolute estate.

The affidavit upon which a warning order was obtained was sworn to on the 20th day of the month, and the warning order was made on the next day. The appellant contends that the order of warning was void because it was not made at the time the affidavit was sworn to. We can not concur in that contention, because if the order was made in a reasonable time after it was sworn to, and the next day is not an unreasonable time, it was sufficient.

It is contended that in the case pending in the United States District Court one of the defendants in that case *claimed* that she was not before the court. That contention is clearly not available.

It is contended that the appellant ought not to be required to execute bond for the price of the land, because there were prior unsatisfied liens on the land. The court satisfactorily arranged that matter in its judgment; and if there is any mistake as to the amount reserved, the purchase-money unpaid is ample to cover it, and the appellant has the right to apply enough for that purpose and obtain credit for it.

The judgment is affirmed.